# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DITECH FINANCIAL LLC,

    Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendant(s).

Case No. 2:16-cv-00127-GMN-NJK

ORDER

(Docket No. 91)

Pending before the Court is Plaintiff's motion to substitute parties. Docket No. 91. Defendant SFR filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 93, 96. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

Whether to permit substitution of parties upon a transfer of interest is a matter entrusted to the Court's discretion. Fed. R. Civ. P. 25(c). The motion acknowledges that discretionary consideration, but provides in total two sentences of "legal argument." Docket No. 91 at 4. After SFR noted several factual concerns, the reply attempts to bolster the motion by contending for the first time that its "Assignment of Deed of Trust" constitutes competent evidence of a transfer of interest subject to judicial notice and that various "instructive" factors support substitution. Docket No. 96 at 2-5. As to the former issue, Plaintiff cites provisions in the Federal Rules of Evidence regarding judicial notice, but provides no legal authority of any kind interpreting those rules as allowing judicial notice of documents similar to the Assignment at issue here. Docket No. 96 at 3. This shortcoming is especially problematic

since the thrust of SFR's response is that the accuracy of such documentation is the subject of reasonable questioning. *Compare id.* (noting standard for judicial notice) *with* Docket No. 93 at 3-5 (noting potential for inaccuracy). With respect to the newly identified discretionary factors, Plaintiff provides no explanation as to why such discussion was not provided in its motion. The Court declines to consider arguments that were raised in reply for the first time. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

Accordingly, the motion to substitute is hereby **DENIED** without prejudice. Any renewed motion must provide meaningfully developed argument showing (1) that a transfer of interest has been established through the motion and any exhibits thereto, and (2) that the Court should exercise its discretion to afford the relief sought.

IT IS SO ORDERED.

DATED: November 8, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge