| | |
|---|---|
| DITECH FINANCIAL LLC, <br><br> Plaintiff, <br> vs. <br><br> SFR INVESTMENTS POOL I, LLC; BOULDER RANCH MASTER ASSOCIATION; TWILIGHT HOMEOWNERS ASSOCIATION; HOMEOWNERS ASSOCIATION SERVICES, INC.; HARMESH SINGH; KULJIT KAUR; DOES 1-20, Inclusive, <br><br> Defendants. | Case No.: 2:16-cv-00127-GMN-NJK <br><br> **ORDER** |
| SFR INVESTMENTS POOL I, LLC, <br><br> Counterclaimant, <br> vs. <br><br> DITECH FINANCIAL LLC, <br><br> Counter-defendant. | |
| SFR INVESTMENTS POOL I, LLC, <br><br> Cross-claimant, <br> vs. <br><br> DITECH FINANCIAL LLC; BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as Trustee for the CERTIFICATEHOLDERS CWABS, INC., ALTERNATIVE LOAN TRUST 2005-J12 ASSET-BACKED CERTIFICATES SERIES 2005-17; HOUSEHOLD FINANCE REALTY CORPORATION OF NEVADA; HARMESH | |

SINGH, an individual; and KULJIT KAUR, an )
individual, )
)
      Cross-defendants. )
)

Pending before the Court is the Motion for Summary Judgment, (ECF No. 105), filed by Ditech Financial LLC ("Plaintiff"). Included in the Motion is the Motion for Dismissal with Prejudice, or in the alternative, Summary Judgment, (ECF No. 107), filed by Cross-Defendant Bank of New York Mellon, fka the Bank of New York as trustee for the Certificateholders CWABS, Inc. Alternative Loan Trust 2005-J12 Asset-Backed Certificate Series 2005-17 ("BONY Mellon"). Defendant SFR Investments Pool 1, LLC ("SFR") filed Responses, (ECF Nos. 132, 133), and Plaintiff and BONY Mellon filed Replies, (ECF Nos. 138, 139).

Also pending before the Court is SFR's Motion for Summary Judgment, (ECF No. 113), which Defendant Boulder Ranch Master Association, ("HOA") limitedly joined, (ECF No. 117). Plaintiff filed a Response, (ECF No. 130), and SFR filed a Reply, (ECF No. 141).

Also pending before the Court are HOA's Motion to Dismiss, (ECF No. 115), and Motion for Summary Judgment, (ECF No. 116). Plaintiff filed Responses, (ECF Nos. 121, 131), and HOA filed Replies, (ECF Nos. 124, 140).

## I.  BACKGROUND

Plaintiff filed its Complaint on January 22, 2016, asserting claims involving the non-judicial foreclosure on real property located at 5929 Crumbling Ridge Street, Henderson, Nevada 89011 (the "Property"). (Compl. ¶ 8, ECF No. 1). On November 30, 2005, Defendants Harmesh Singh and Kuljit Kaur obtained a mortgage on the Property by way of a loan in the amount of $276,250.00 secured by a Deed of Trust ("DOT") recorded November 30, 2005. (*Id.* ¶ 14).

On July 7, 2009, HOA, through its agent Homeowner Association Services ("HAS"), recorded a notice of claim of lien-homeowner assessment. (*Id.* ¶ 22). On October 21, 2009,

HOA recorded a notice of default and election to sell. (*Id.* ¶ 23). On August 14, 2014, HAS recorded a foreclosure deed upon sale. (*Id.* ¶ 26). The deed stated that on July 10, 2014, SFR purchased the Property at the foreclosure sale pursuant to NRS § 116.1113. (*Id.* ¶ 28).

Plaintiff asserts the following causes of action against various parties involved in the foreclosure and subsequent sales of the Property: (1) declaratory relief; (2) quiet title; (3) accounting. (*Id.*).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In

contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## II. DISCUSSION

Plaintiff asserts claims against Defendants for declaratory relief, quiet title, and accounting. The Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), before turning to Plaintiff's individual claims.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact

that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

SFR also argues that NRS § 107.090, which "requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each 'person with an interest or claimed interest' that is 'subordinate' to the HOA's super-priority," is "incorporated into NRS Chapter 116 by NRS 116.31168." (SFR's Mot. for Summ. J. ("MSJ") 12:8–10, ECF No. 113). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners'

associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless.").

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of BONY Mellon[1] as assignee of the DOT.

### B. Remaining Claims

In its prayer for relief, Plaintiff requests primarily a declaration "of the invalidity of the HOA Lien and/or the Second HOA Lien. (Compl. 12:11).). The other relief requested is phrased in the alternative. (*See id.* at 12). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's third cause of action as moot.

Moreover, because the Court quiets title in favor of BONY Mellon and Plaintiff, the Court dismisses SFR's crossclaims and counterclaims.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 105), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that BONY Mellon's Motion for Dismissal with Prejudice, or in the alternative, Summary Judgment, (ECF No. 107), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 113), is **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF No. 115), and Motion for Summary Judgment, (ECF No. 116), are **DENIED**.

---

[1] Title is quieted for BONY Mellon rather than Plaintiff because, as stated by Plaintiff, BONY Mellon is the successor to Plaintiff and the beneficiary of the DOT encumbering the Property. (*See* Pl.'s Mot. for Summ. J. 4:17–18.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claim for accounting is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that SFR's counterclaims and crossclaims are **DISMISSED with prejudice**.

The Clerk of Court is ordered to close the case.

**DATED** this __5__ day of April, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge